**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-7611

_____

DEREK J. BROWN,

                    Petitioner - Appellant,

          v.

WARDEN OF PERRY CORRECTIONAL INSTITUTION,

                    Respondent - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Timothy M. Cain, District Judge. (0:12-cv-02988-TMC)

_____

Submitted:  March 31, 2015          Decided:  April 7, 2015

_____

Before KING, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Derek J. Brown, Appellant Pro Se.  Donald John Zelenka, Senior Assistant Attorney General, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek J. Brown, a state inmate, filed a 28 U.S.C. § 2254 (2012) petition raising multiple claims. The magistrate judge recommended denying a certificate of appealability and dismissing the petition. The district court, however, granted a certificate of appealability on one claim, namely, whether appellate counsel was ineffective for failing to challenge on direct appeal the trial court's denial of a mistrial based on improper comments made by the prosecutor during closing argument regarding Brown's decision not to testify.

Brown is entitled to habeas relief on a claim adjudicated "on the merits" by a state court only if the state court's disposition of that claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Barnes v. Joyner, 751 F.3d 229, 238 (4th Cir. 2014). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). Brown may not obtain habeas relief unless he demonstrates "that the state court's ruling on the claim

2

being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). Before a federal court grants habeas relief, it must conclude that the constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." Barnes, 751 F.3d at 239 (citation and internal quotation marks omitted). Factual findings by the state court are presumed correct, and Brown bears the burden to rebut the presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

In light of this standard, we conclude that the district court did not err in concluding that the state post-conviction court did not unreasonably apply clearly established federal law in determining that the prosecutor's comments did not so infect the trial with unfairness as to make the resulting conviction a denial of due process and, therefore, appellate counsel was not constitutionally ineffective in failing to raise the issue on direct appeal. Accordingly, we affirm for the reasons stated by the district court. Brown v. Warden, No. 0:12-cv-02988-TMC (D.S.C. Sept. 25, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED
